**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULINA MARCOS; A. D. M. M., | No. 25-76 |
| Petitioners, | Agency Nos.<br>A245-224-576<br>A245-224-578 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025**
Seattle, Washington

Before: McKEOWN, PAEZ, and DESAI, Circuit Judges.

Petitioner Paulina Marcos and her minor child, a derivative petitioner, are

citizens of Guatemala. They seek review of a decision by the Board of

Immigration Appeals ("BIA") dismissing Marcos's appeal of the immigration

judge's ("IJ") decision denying her asylum, statutory withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). Where, as here, "the BIA affirms an IJ's decision without opinion, [we] review[] the IJ's decision as though it were the BIA's." *Padilla-Romero v. Holder*, 611 F.3d 1011, 1012 (9th Cir. 2010). We review for substantial evidence the agency's factual findings, which "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo the legal question of whether a particular social group ("PSG") is cognizable. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). We deny the petition.

Substantial evidence supports the agency's finding that the mistreatment Marcos experienced did not rise to the level of persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060–61 (9th Cir. 2021) (defining persecution). Additionally, the BIA did not err in determining that Marcos's PSG of working single mothers in Guatemala is not cognizable because one's status as a worker is not an immutable characteristic. *See Donchev v. Mukasey*, 553 F.3d 1206, 1216 (9th Cir. 2009) (explaining that an immutable characteristic is an attribute PSG members "cannot change, or should not be required to change because it is fundamental to their individual identities or consciences" (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985))).

Substantial evidence also supports the BIA's denial of CAT protection. *See*

8 C.F.R. § 1208.16(c)(3). Marcos does not argue that she experienced torture. Substantial evidence also supports the BIA's finding that Marcos failed to demonstrate that it is more likely than not that she will be tortured if returned to Guatemala. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889, 894 (9th Cir. 2018) (describing standard of review and eligibility for CAT relief).

The temporary stay of removal shall remain in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**